## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **TROY T.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:21-cv-00419-JCB** |
| **KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge

Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2]

Before the court is Plaintiff Troy T.'s ("Plaintiff") appeal of Acting Commissioner of Social

Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not

entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] and

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful

consideration of the written briefs and the complete record, the court concludes that oral

---

[1]  Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 3.

[2] ECF No. 12.

[3] 42 U.S.C. §§ 401-434.

[4] *Id.* §§ 1381-1383f.

argument is not necessary. Based upon the analysis set forth below, all of Plaintiff's arguments

on appeal fail. Therefore, the court affirms the Commissioner's decision.

## **PROCEDURAL BACKGROUND**

Plaintiff alleges disability beginning in November 2017 due to back and shoulder

problems, depression, anxiety, migraines, and carpal tunnel syndrome, among other conditions.[5]

In November 2018, Plaintiff applied for DIB and SSI.[6] Plaintiff's application was denied

initially[7] and upon reconsideration.[8] On May 20, 2020, Plaintiff appeared with counsel for a

hearing before Administrative Law Judge Hallie E. Larsen ("ALJ Larsen").[9] On May 29, 2020,

ALJ Larsen issued a written decision denying Plaintiff's claims for DIB and SSI.[10] Plaintiff

appealed the adverse ruling, and, on October 14, 2020, the Appeals Council vacated ALJ

Larsen's decision and remanded the case for the necessary consideration of two medical

opinions: (1) the medical opinion provided by Certified Physician Assistant, Dylan Taylor ("PA-

C Taylor"), the Plaintiff's treating Physician Assistant; and (2) the medical opinion submitted by

Pierre Zabel, D.O., a consultive examiner. [11] The Appeals Council also instructed that "further

---

[5] ECF No. 15, Administrative Record ("AR ___") 426.

[6] AR 360-69.

[7] AR 97-120.

[8] AR 123-60.

[9] AR 55-78.

[10] AR 161-82.

[11] AR 185 (remanding case to ALJ and stating that "[p]ursuant to 20 C.F.R. 404.1520c and 416.920c, consideration of these opinions is necessary").

consideration" should be given  "to [Plaintiff's] maximum residual functional capacity during the entire period at issue" with "specific references to evidence of record in support of [the] assessed limitations."[12]

On February 24, 2021, Plaintiff appeared with counsel for a second hearing, this time before Administrative Law Judge Jason W. Crowell ("ALJ").[13] On March 12, 2021, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[14] Plaintiff appealed the adverse ruling, and, on May 7, 2021, the Appeals Council denied Plaintiff's appeal,[15] making the ALJ's decision final for purposes of judicial review.[16] On July 14, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[17]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[18] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[19] "Substantial evidence is such relevant evidence as a reasonable mind

---

[12] AR 183-88.

[13] AR 38-54.

[14] AR 15-37.

[15] AR 2-7.

[16] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[17] ECF No. 5.

[18] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[19] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[20] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[21] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[22]

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled.[23] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[24]

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . .  If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.  If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three. [25]

---

[20] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[21] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[22] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[23] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[24] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[25] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii), 416.920(a)(4)(i)-(iii).

At step three, the claimant must show that his or her impairment meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[26] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[27] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[28] An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.[29] In making this finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[30]

At the fourth step, the claimant must show, given his RFC, that the impairment prevents performance of his "past relevant work."[31] "If the claimant is able to perform his previous work, he is not disabled."[32] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[33]

---

[26] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[27] *Williams*, 844 F.2d at 751.

[28] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[29] 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[30] 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

[31] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[32] *Williams*, 844 F.2d at 751.

[33] *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."[34] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[35] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[36] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[37]

## ANALYSIS

Plaintiff argues that the ALJ erred: (I) by failing to adequately consider and evaluate medical opinion evidence; and (II) by failing to resolve apparent conflicts between Plaintiff's RFC and the Dictionary of Occupational Titles ("DOT"). The court addresses each of Plaintiff's arguments in turn below. Based upon the following analysis, all of Plaintiff's arguments fail. Therefore, the court affirms the Commissioner's decision.

---

[34] *Id.*

[35] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[36] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[37] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## I.       The ALJ Did Not Err in Evaluating Medical Evidence.

Plaintiff claims that the ALJ erred by failing to adequately consider and evaluate the

medical opinion of PA-C Taylor.[38] Under the revised regulations, which apply in this case,[39] the

ALJ is required to consider all medical source opinions and prior administrative medical findings

and to articulate how persuasive he/she finds each of them.[40] The ALJ must articulate how he (in

this case) considered the medical opinions and prior administrative findings using, as

appropriate, the following factors identified in the applicable regulation: (1) supportability;

(2) consistency; (3) the relationship of the medical source to the claimant; (4) the source's area of

specialization; and (5) other factors that tend to support or contradict a medical finding or prior

administrative finding.[41] The first two factors – supportability and consistency – are the most

important.[42] Supportability refers to the extent to which an opinion or finding is supported by

---

[38] ECF No. 19 at 16. Plaintiff also asserts that the ALJ's analyses of "Dr. Zabel's opinion, PA-C Paulson's opinion, and the opinions of the State Agency consultants are flawed." *Id.* Plaintiff recites the ALJ's persuasiveness finding for the respective medical opinions but fails to develop further argument or identify any specific error. Therefore, the court declines to address these claims. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("[Plaintiff] presents a number of subissues and arguments, many of them poorly developed. [The court] will consider and discuss only those of her contentions that have been adequately briefed for . . . review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of . . . review . . . is limited to the issues the claimant . . . adequately presents on appeal[.]" (final alteration in original) (quotations and citation omitted)).

[39] The regulations relating to the evaluation of medical evidence were amended for disability claims filed after March 27, 2017. 20 C.F.R. §§ 404.1520c, 416.920c. Because Plaintiff's claim was filed in November of 2018, the new regulations apply.

[40] 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

[41] 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

[42] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see also Cornpeach v. Kijakazi*, 2:21-cv-166-DAK, 2021 WL 5450783, at *5 (D. Utah Nov. 22, 2021) ("Persuasiveness is determined

relevant objective medical evidence and the medical source's supporting explanations.[43]
Consistency is the extent to which an opinion or finding is consistent with evidence from other
medical sources and nonmedical sources in the claim.[44] The ALJ *must* explain how he considered
the factors of supportability and consistency for a medical source's medical opinions or prior
administrative medical findings in his decision.[45] The ALJ *may*, but is not generally required to,
explain how he considered the remaining factors bearing on persuasiveness.[46]

Plaintiff asserts that the ALJ failed to adequately consider and address the supportability
and consistency of PA-C Taylor's medical opinion. PA-C Taylor opined that Plaintiff was limited
by the following restrictions: Plaintiff could walk for less than one city block, sit for ten minutes
at one time and one hour total, stand/walk for five minutes at one time and one hour total, and
would need to shift positions at will.[47] PA-C Taylor also opined that Plaintiff was likely to be
absent from work more than four times per month due to his impairments.[48] According to
Plaintiff, the ALJ failed to include these significant limitations in Plaintiff's RFC because the

---

primarily based on an opinion's supportability and consistency, and the ALJ must explain how he considered those factors.").

[43] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

[44] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

[45] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

[46] The ALJ is *required* to discuss these additional factors only if there are "two or more medical opinions . . . about the same issue [that] are equally well-supported and consistent with the record but are not exactly the same." 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3).

[47] AR 664.

[48] AR 665.

ALJ failed to adequately consider and explain the supportability and consistency of PA-C Taylor's medical source opinion.

However, Plaintiff is wrong because the ALJ considered PA-C Taylor's opinions and found them "partially persuasive."[49] In reaching this conclusion, the ALJ reasonably explained how he considered PA-C Taylor's medical source opinion using the factors of supportability and consistency. Regarding supportability, the ALJ explained that PA-C Taylor's opinion regarding Plaintiff's specific limitations were provided via a checkbox form titled "Physical Impairment Questionnaire."[50] Although the ALJ considered PA-C Taylor's opinion, he found that PA-C Taylor failed to explain the basis for his conclusions and, therefore, failed to provide support for the more restrictive limitations.[51] More specifically, the ALJ noted the lack of evidence to support "a need to miss four days of work per month, nor is there support for such severe sitting, standing and walking limitations."[52]

The ALJ also considered the consistency of PA-C Taylor's opinion regarding Plaintiff's limitations. The ALJ expressly and specifically noted that he found PA-C Taylor's opinion that Plaintiff could lift "at a light" level to be "consistent with the evidence of back and shoulder issues documented in the record."[53] However, the ALJ found PA-C Taylor's "severe sitting, standing, and walking" limitations were inconsistent with other medical opinions in the record

---

[49] AR 27.

[50] AR 664-65.

[51] *Id.*

[52] *Id.*

[53] *Id.*

that opined that Plaintiff could "perform a range of light work with 4 hours of standing and/or walking,"[54] and that Plaintiff would have limitations with *prolonged* or repeated bending or stooping, *prolonged* walking, and *prolonged* standing.[55]

The legal standards require no more than this. The ALJ properly followed the applicable legal standards in his consideration of PA-C Taylor's medical opinion. Plaintiff's argument that the ALJ's rationale was inadequate is nothing more than an invitation to reweigh the evidence, which the court declines because, "[i]n reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[56] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[57] Because there is sufficient evidence in the record to support the ALJ's conclusions concerning the factors of supportability and consistency, the ALJ did not err in evaluating PA-C Taylor's medical opinion.

---

[54] *Id.* (referring to the State Agency consultants).

[55] *Id.* (referring to PA-C Brian Paulson and Pierre Zabel, D.O.)

[56] *Madrid*, 447 F.3d at 790 (quotations and citation omitted).

[57] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alterations in original) (quotations and citations omitted)).

## II.       The ALJ Appropriately Resolved Any Possible Conflicts Between the VE's Testimony and the DOT

Plaintiff asserts that the ALJ erred by failing to resolve an apparent conflict between the VE's testimony and the DOT. At step five, before an ALJ relies upon VE's testimony to support a disability determination, the ALJ must: (1) fulfill the "affirmative responsibility" to ask the VE about any possible conflicts between the VE's testimony and the DOT; (2) identify and obtain a reasonable explanation for any such conflicts; and (3) explain in the decision how any such conflicts were resolved.[58]

At Plaintiff's administrative hearing, the ALJ posed a hypothetical to the VE about an individual with Plaintiff's age, education, work experience, and RFC.[59] The ALJ then asked the VE if such an individual could perform other work in significant numbers in the national economy.[60] The VE testified that such an individual could perform the following light, unskilled jobs: electronics worker, office helper, and bench assembler.[61] For each representative occupation, the VE identified the approximate number of jobs available in the national economy as listed in the DOT. The VE then reduced that number, based on her professional experience and

---

[58] SSR 00-4p, 2000 WL 1898704, at *2-4 (Dec. 4, 2000); *see also see also Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("We do not mean by our holding that the [DOT] 'trumps' a VE's testimony when there is a conflict about the nature of a job. We hold merely that the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

[59] AR 51.

[60] AR 52.

[61] *Id.*

qualifications, to account for the more restrictive standing/walking limitations in the hypothetical.[62] After addressing the modified numbers, the VE testified there was "nothing inconsistent" between her testimony and the DOT.[63]

In his decision, the ALJ relied upon the VE's testimony to conclude at step five that Plaintiff could perform other work existing in significant numbers in the national economy.[64] The ALJ found that the VE's testimony modifying the number of jobs in each category was based on the VE's professional experience.[65] The ALJ determined that the VE's testimony was adequately supported and not inconsistent with the DOT.[66]

Given those facts, the ALJ fulfilled his responsibilities under Tenth Circuit precedent and SSR 00-4p. Indeed, the ALJ asked the VE about any possible inconsistencies between the VE's testimony and the DOT. The ALJ obtained a reasonable explanation for any such conflicts, including the fact that some of the VE's testimony was based upon her professional experience.[67]

---

[62] *Id.* The VE reduced the approximate number of jobs available in the national economy to account for the more restrictive standing/walking limitation as follows: electronics worker, reduced by 50% to 35,000 jobs; office helper, reduced by 25% to 48,750 jobs; and bench assembler, reduced by 50% to 25,000 jobs. *Id.*

[63] AR 53.

[64] AR 30.

[65] *Id.*

[66] *Id.*

[67] *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) ("Because the VE testified that, on the basis of his professional experience, 11,000 sedentary hand packager jobs existed in the national economy, the apparent conflict between the DOT and the VE's testimony regarding the job's exertional requirement was reasonably explained, and the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability.").

Finally, the ALJ explained the resolution of any such conflicts in his decision. Accordingly, the ALJ appropriately resolved any possible conflicts between the VE's testimony and the DOT.

Notwithstanding the ALJ's fulfillment of those responsibilities, Plaintiff argues that an apparent conflict exists. Specifically, Plaintiff contends that there is a conflict between: (1) Plaintiff's RFC limitation to "simple, routine, and repetitive tasks,"[68] and (2) the VE's testimony that Plaintiff can perform the identified jobs, each of which the DOT describes has having a reasoning level of two.[69] The DOT describes level two reasoning as requiring the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations."[70] Plaintiff argues that the ability to "carry out detailed … written or oral instructions," required for level two reasoning, conflicts with Plaintiff's RFC limitation to "simple, routine, repetitive tasks."[71] Plaintiff's argument misses the mark. The ALJ's RFC assessment limited Plaintiff to simple *tasks*, not simple *instructions*. A limitation to simple tasks, rather than simple instructions, is consistent with level-two reasoning.[72] Therefore, contrary to Plaintiff's argument, there was no conflict between the VE's testimony and the DOT.

---

[68] AR 23.

[69] DOT §§ 726.687-010, 1991 WL 679633 (Jan. 1, 2016) (electronics worker), 239.567-010, 1991 WL 672232 (Jan. 1, 2016) (office helper), 706.684-042, 1991 WL 679055 (Jan. 1, 2016) (bench assembler).

[70] DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702 (Jan. 1, 2016).

[71] ECF No. 19 at 21.

[72] *Compare Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (rejecting the plaintiff's argument that "the ALJ's limitation to simple, repetitive, and routine work should be construed as a limitation to jobs with a reasoning-level rating of one" (citing *Hackett v. Barnhart*, 395 F.3d

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS

HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED this 26th day of April 2022.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

1168, 1176 (10th Cir. 2005)), *Hackett*, 395 F.3d at 1176 (providing that a limitation to "'simple and routine work *tasks*'" "appears more consistent" with a GED reasoning level 2 (citation omitted) (emphasis added)), *Marilyn M. v. Berryhill*, No. 1:17-CV-00063-PMW, 2018 WL 4376306, at *3 (D. Utah Sept. 13, 2018) ("[T]he Tenth Circuit has held that a reasoning level of two is consistent with an RFC limitation to simple and routine work *tasks*." (citing *Stokes* and *Hackett*) (emphasis added)), *and Reynolds v. Berryhill*, No. 2:16-CV-01210-BCW, 2018 WL 1276809, at *6 (D. Utah Mar. 9, 2018) ("The Tenth Circuit has repeatedly held that reasoning level two is consistent with an RFC limitation to simple *tasks*." (citing *Stokes* and *Hackett*) (emphasis added)), *with Paulek v. Colvin*, 662 F. App'x 588, 591 (10th Cir. 2016) (citing with approval an Eighth Circuit case, which "held that a limitation to simple *instructions* is inconsistent with both level-two and level-three reasoning" (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)) (emphasis added)).